IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 10-cv-01754-RBJ

SUSYN K. CARTER,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security Administration,

    Defendant.

## ORDER

    The case comes before the Court on appeal from a Decision of the Commissioner of the Social Security Administration. Plaintiff filed this appeal in the United States District Court for the District of Colorado on July 23, 2010. The matter has been fully briefed by both sides, and all parties request a decision be entered based on the briefs and the administrative record. This Court has the authority to review the Commissioner of Social Security's final decision under 42 U.S.C. § 405(g).

**Standard of Review**

    This appeal is based on the administrative record and the briefs submitted by the parties. When reviewing a final decision by the Commissioner, the role of the District Court is to examine the record and determine whether it "contains substantial evidence to support the Secretary's decision and whether the Secretary applied the correct legal standards." *Rickets v. Apfel*, 16 F.Supp.2d 1280, 1287 (D. Colo. 1998) (citing *Hamilton v. Secretary of Health and*

*Human Services*, 961 F.2d 1495, 1497 (10th Cir. 1992)).  A decision cannot be based on substantial evidence if "it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Bernal v. Bowen,* 851 F.2d 297, 299 (10th Cir. 1988).  More than a scintilla, but less than preponderance is required. *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004).  Although the evidence may support two inconsistent conclusions, that "does not prevent an administrative agency's finding from being supported by substantial evidence." *Id.* The Court cannot "reweigh the evidence or substitute [its] judgment for that of the agency." *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001).

**Facts**

Susyn Carter, now age 51, filed an application for Social Security Income (SSI) and Disability Insurance benefits on April 4, 2007 at age 46.  In her application, Ms. Carter reported that she suffers from major depressive disorder, migraine headaches, degenerative disc disease, low back pain, knee pain, carpal tunnel syndrome, hypertension, and obesity.  Ms. Carter alleges that she became disabled on February 15, 2006.

Ms. Carter's claim for benefits was denied on July 25, 2007.  Following a written request for a hearing, Ms. Carter appeared and testified before an Administrative Law Judge (ALJ) on March 19, 2009.  The ALJ issued an opinion denying Ms. Carter's application for disability benefits on May 19, 2009.  Ms. Carter appealed the ALJ's decision to the Appeals Council, who denied Ms. Carter's request for review.  This denial constituted the final decision of the Commissioner. This appeal followed.

**Conclusions**

The ALJ found that Ms. Carter has several severe impairments: mild degenerative disc disease, migraine headaches, a history of carpal tunnel syndrome, and bipolar disorder.  Ms.

Carter's claim for SSI was denied, however, because the ALJ found that Ms. Carter has the Residual Functional Capacity (RFC) to perform medium work that "does not require long periods of long concentration, detailed instructions, or working closely with supervisors, co-workers, or the general public." Tr. 19 (Finding 5). The ALJ found that with this RFC Ms. Carter could perform unskilled work such as a sweeper/cleaner, cleaner/housekeeper, and product assembler. Tr. 25 (Finding 10). Thus, the ALJ found that Ms. Carter was not disabled within the meaning of the Social Security Act, 42 U.S.C. § 405(g).

Ms. Carter disputes the Commissioner's conclusions for two main reasons. First, the Commissioner's conclusion regarding Ms. Carter's RFC is not supported by substantial evidence. Second, the Commissioner's findings regarding Ms. Carter's ability to perform unskilled work is not supported by substantial evidence.

<u>Residual Functional Capacity</u>

Plaintiff's Counsel contends that the Commissioner made three major errors in determining Ms. Carter's RFC. First, the Commissioner did not consider all of Ms. Carter's impairments in combination. Second, the Commissioner disregarded the opinion of Ms. Carter's treating mental health provider. And finally, the Commissioner improperly disregarded Ms. Carter's testimony regarding her migraines and headaches.

To qualify as disabled, a claimant's pain must be so severe "by itself or in conjunction with other impairments, as to preclude any substantial gainful employment." *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir. 1990) (citing *Brown v. Bowen*, 801 F.2d 361, 362-3 (10th Cir. 1986)). To make this determination, the Commissioner must look to the medical record and the claimant's credibility. *Id.* While the ALJ must consider all of the evidence, an ALJ "is not

3

required to discuss every piece of evidence." *Clifton v. Chater*, 79 F.3d 1007, 1009-1010 (10th Cir. 1996).

Plaintiff's counsel takes issue with the ALJ's failure specifically to discuss the restrictions on Ms. Carter's persistence, pace and ability to do work reliably without interruptions found by Drs. Frommelt and Parsons. Also, Plaintiff's counsel argues that the ALJ erred by failing to include Ms. Carter's PTSD and obesity in this assessment of Ms. Carter's RFC.

In the ALJ's findings regarding Ms. Carter's RFC, the ALJ states that "[i]n making this finding, the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence…" Tr. 20. In the discussion that follows, the ALJ discusses Ms. Carter's depression, migraines, ability to concentrate and complete ordinary tasks, motor skills, difficulty in social situations, and various other symptoms. Tr. 20-23. The record before the Court does not offer any indication that the ALJ did not in fact consider the entire medical record and relevant testimony.

The ALJ gave little weight to the opinions and reports of Ms. Carter's treating mental health providers. Ms. Carter saw Nurse Gawron and Ms. Hillburn, a counselor, for mental health treatment. The ALJ found that their opinions were not entitled to medical weight because neither is a doctor or psychologist, and because their treatment notes failed to support their conclusions. Under SSR 06-03p, a medical professional must be a Licensed Physician or a Licensed or Certified Psychologist to qualify as an "Accepted Medical Source." Only "Accepted Medical Sources" can establish the existence of a medically determinable impairment and can give "medical opinions," and only the opinion of an "Accepted Medical Source" is entitled to

controlling weight. Nurse Gawron and Ms. Hillburn qualify as "Other Medical Sources," whose opinions may only be used to show the severity of an impairment and how it affects the individual's ability to function. SSR 06-03p. Their opinions cannot establish the existence of medically determinable impairments. Nonetheless, certain factors, such as "how long the source has known and how frequently the source has seen the individual," may entitle the opinions of "Other Medical Sources" to greater weight. *Id.*

Despite the strong preference for opinions by doctors and psychologists, this Court is troubled by the amount of weight given to Drs. Frommelt and Parsons. These doctors only saw Ms. Carter for one appointment each, while the staff at the Jefferson Center for Mental Health saw Ms. Carter at least 23 times over the course of a year. Tr. 335-62. This gives the Court pause, especially since Ms. Carter's impairment is a mental health issue, which lends itself to prolonged treatment and diagnosis. Despite this, the record does support the ALJ's conclusions. *See* Exhibit 11F, 12F. An ALJ must "give good reasons in the notice of determination or decision for the weight assigned to a treating physician's opinion." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). Although this Court may have applied different weight to the various reports in a *de novo* review, the ALJ has provided a basis for his determinations here.

The ALJ's discussion of Ms. Carter's migraines and headaches, as well as the weight that he gives to the medical evidence regarding Ms. Carter's migraines, is colored by his credibility determinations. Ms. Carter claims that her disability began in February 15, 2009 following her dismissal from her employment. The medical record shows that Ms. Carter did not seek treatment for her migraines or depression for 10 months. In light of this the ALJ found that "this significant gap in treatment belies her claims of constant and disabling headache pain and depressive symptoms during that time." Tr. 20. The ALJ wrote that "[a]fter careful

consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effect of these symptoms are not credible." *Id.* at 20-21.  At the hearing Ms. Carter testified that she only has headaches three to four times a month, rather than two a week.  Tr. 21.  Ms. Carter also testified that she thought she could be a receptionist, and indeed had been looking for work, albeit unsuccessfully.  *Id.*  This testimony supports the credibility determination made by the ALJ.  The Tenth Circuit has stated that "we generally treat credibility determinations made by an ALJ as binding upon review."  *Gossett v. Bowen*, 862 F.2d 802, 807 (10th Cir. 1988).  That the ALJ did not discuss every piece of evidence in the record in his opinion does not mean that he impermissibly disregarded relevant evidence.  Although the ALJ found that Ms. Carter was impaired, he did not believe that her impairments were as severe as claimed.

Although one could come to a different conclusion regarding Ms. Carter's residual functional capacity based on the record, that "does not prevent an administrative agency's finding from being supported by substantial evidence." *Zoltanski,* 372 F.3d at 1200.  This Court cannot "reweigh the evidence or substitute [its] judgment for that of the agency."  *White*, 287 F.3d at 905.  The Court finds that the Commissioner's conclusions regarding Ms. Carter's residual functional capacity are supported by substantial evidence.

Vocational Determination

Considering Ms. Carter's RFC, age, education, and work experience in conjunction with the Medical-Vocational Guidelines and the testimony of the Vocational Expert, the ALJ found that Ms. Carter is capable of engaging in unskilled work.  During the hearing the ALJ asked the Vocational Expert (VE) to consider Ms. Carter's age, education, work history, and RFC when

testifying to jobs available in the economy. The VE testified that a person with Ms. Carter's limitations could perform unskilled jobs such as a sweeper/cleaner, cleaner/housekeeper, and production assembler. Tr. 23-24. The VE also testified that these jobs were available in the economy in significant numbers. *Id.* Ms. Carter objects to the questions posed to the VE by the ALJ for three reasons. First, the ALJ's questions did not include Ms. Carter's restrictions on persistence, pace and ability to complete a full day or week of work. Second, the ALJ's questions made no reference to Ms. Carter's migraines. Finally, the questions posed to the VE did not take into account Ms. Carter's absenteeism

The medical evidence supporting the restrictions on Ms. Carter's persistence, pace and ability, as well as her likelihood of absenteeism due to illness, come from the reports of Nurse Gawron and Ms. Hillburn. As discussed above, the ALJ gave little weight to these reports because they were not supported by treatment notes and were contradicted by other evidence in the record. Although the ALJ did not frame a specific question to the VE around Ms. Carter's migraines, the ALJ did ask the VE to consider Ms. Carter's RFC in making his assessment. Ms. Carter's migraines, as well as her other impairments, are included in that RFC determination.

Therefore, the Court finds that the Commissioner's conclusion that Ms. Carter could perform alternate work is supported by substantial evidence.

**Order**

Based on the record, the ALJ could easily have gone the other way. If this Court were reviewing the case *de novo*, we might come out differently. However, the ALJ appears to have read, understood, and applied the law. His determination that Ms. Carter's testimony was not credible is entitled to deference, and there is evidence in the record that supports the decision. This Court cannot find that the Commissioner's decision was not supported by substantial

evidence, or that the Commissioner applied the incorrect legal standard. Therefore, because of the limited nature of our review, the Commissioner's decision is affirmed.

DATED this 4th day of November, 2011.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge